### JOSHUA COLE & another *vs.* INHABITANTS OF EASTHAM.

Barnstable. Jan. 22. — March 5, 1878. ENDICOTT & SOULE, JJ., absent.

In a writ of entry, the tenant disclaimed title to the demanded premises, and the demandant filed a replication charging that the tenant had, within twenty years last past, claimed title to the demanded premises and received the rents and profits of the same. The demandant offered evidence that the tenant had claimed to be the sole and exclusive owner of the right to take fish in a stream running through the demanded premises, and for several years had sold such right. *Held,* that the tenant's claim was merely of an easement in the demanded premises and its enjoyment; and that the demandant could not elect to be disseised, and recover compensation for such use.

WRIT OF ENTRY, dated February 23, 1877, to recover a parcel of land in Eastham. Plea, *nul disseisin*, with a disclaimer of title to the demanded premises. The demandants filed the following replication : " And now come the demandants in the above entitled action, and deny each and every allegation in the tenant's plea contained. And the demandants say that the said tenant has, within twenty years last past, claimed title to the demanded premises, and has received the rents and profits of the same."

At the trial in the Superior Court, before *Aldrich*, J., it appeared in evidence that there was and is in the town of Eastham a fresh water stream called Herring Brook, running through the demanded premises into the sea; that herring were accustomed, at a certain season of the year, to pass into and up the brook from the sea, and were annually caught with nets, or otherwise, in greater or less quantities ; and that the title to the land on both sides of the brook, including the bed of the brook, was in the demandants.

The following extracts from the records of the town of Eastham were offered in evidence by the demandants :

Under a warrant calling a town meeting, March 3, 1873, and containing this article: " To see what the town will do with the Herring Brook," " Voted to choose a committee of five to confer with the owners of the land near the Herring Brook." " Voted that Philip Smith and Joshua Cole be added to the committee of last year on Herring Brook."

Under a warrant calling a town meeting, March 24, 1873 : " To see if the town will sell Herring Brook for three years or more, as the town may deem proper, to the highest bidder," Herring Brook was sold to Cornelius Anderson for three years, for $170 per year.

Article 13, in the warrant for a town meeting February 16, 1874, was : " To see what action the town will take in regard to fishing privileges in town." This was " referred to the Selectmen."

In the warrant for March meeting 1874 was this article : " To take such action on the Herring Brook as the town shall think expedient and justifiable to the town, and to individuals, and to act very fully on the whole subject of said Herring

Brook." Under this, the town "voted to warrant and defend the sale of the Herring Brook to Cornelius Anderson, against the claims and demands of all parties."

Anderson testified that he caught the fish in Herring Brook, under his purchase from said town, during the three years; and paid the town $170 per year.

It was proved by the demandants and not controverted, that the tenant had claimed to be the sole and exclusive owner of the right to take the herrings in Herring Brook, but it was not contended by the demandants that the tenant had ever claimed any other title to the demanded premises than the sole and exclusive right to the fishery in Herring Brook.

The demandant Cole testified as follows : " After Anderson bought the fishing privilege of the town for three years, I went in with him and four others, and threw our fish together, and I paid one sixth of the $170.00 for the year 1873 ; " I caught fish there in 1874, but not with Anderson and those with him ; I had nothing to do with them that year, and I caught no fish there myself in 1875."

There was evidence, not controverted, that Anderson's party consisted of five persons besides himself in 1873 ; that the demandant Cole and the demandant Smith were two of the five ; and that the demandant Smith was one of Anderson's party, and caught fish there under Anderson in 1874 and 1875, in the same way as in 1873.

The tenant contended that the larger portion of the fish, caught by Anderson in Herring Brook, during the three years, were caught below high water mark, and outside of the demanded premises. The demandants contended that most of the fish taken by Anderson, during that time, were taken within and on the demanded premises ; and the issue was submitted to the jury upon evidence offered by both the demandants and the tenant, as to the value of the fish caught within the demanded premises during the three years, considering the value of the whole fish caught by Anderson at $170 per year.

The jury found that the value of the fish taken by Anderson and those with him, during the three years, for which the town had received the pay, was $340.

The judge, by consent of parties, before verdict, reported the case for the determination of this court.   If, upon these facts, the demandants could maintain this action, judgment was to be entered for them for possession, and for $340 and costs; otherwise, judgment was to be entered for the demandants for possession only, and for the tenant for costs.

*H. P. Harriman*, for the demandants.

*G. Marston*, for the tenant.

LORD, J.   So far as any question is intended to be raised upon the pleadings in this case, it is probable that the question is whether the tenant has been in such possession of the demanded premises as to exclude the demandants from possession, or to authorize the demandants to elect to consider themselves disseised.   We presume that all the evidence deemed material is reported.   Upon this evidence, a jury would not be warranted in finding that the tenant had disseised the demandants or had claimed any title to the soil and freehold.   The utmost which the evidence would warrant a jury to find is, that the tenant had claimed an easement in the demanded premises, and had enjoyed the same.   This is no answer to the tenant's disclaimer. There may be cases, in which the tenant, although disclaiming title, may have had such an actual occupation of the premises as to entitle the demandant to elect to consider himself disseised, although such occupation was by inadvertence, and without any intention to claim title to the soil and freehold.   *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 104 Mass. 1. But where it is plain that the claim of the tenant is merely an easement, and that he has had no other use than that of such easement the demandant cannot elect to consider himself disseised and recover against the tenant compensation for such use. We are therefore of opinion that the tenant is entitled to its costs, while the demandants are entitled to judgment for possession.                                    *Judgment accordingly.*